a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| KEVIN JOSE FUENTES ZUNIGA, Petitioner | CIVIL DOCKET NO. 3:26-CV-03813 SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| CHRISTOPHER BULLOCK ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

# MEMORANDUM ORDER

Petitioner Kevin Jose Fuentes Zuniga ("Zuniga") seeks habeas relief under 28 U.S.C. § 2241, challenging his renewed immigration detention. He alleges that he entered the United States without inspection in September 2021, was apprehended upon arrival, and was later released. Zuniga alleges that he was redetained by immigration authorities on August 21, 2026. ECF No. 1 at 3. He does not allege that he was ever admitted to the United States.

The Petition neither cites nor addresses *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which the Fifth Circuit decided before Zuniga filed the Petition.

In *Buenrostro-Mendez*, the Fifth Circuit held that noncitizens who entered the United States without being admitted are applicants for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), rather than discretionary detention under § 1226(a), and therefore are not entitled to bond hearings. The court noted that the Department of Homeland Security retains discretion to parole

applicants for admission, but only on a case-by-case basis for urgent humanitarian reasons or significant public benefit. *Buenrostro-Mendez*, 166 F.4th at 499 n.3. The Supreme Court has granted review of that statutory question. *Rhoney v. Barbosa da Cunha*, No. 26-104 (U.S. cert. granted Oct. 1, 2026).

In *Sosnava Rodriguez v. Vergara*, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc), the Fifth Circuit held that noncitizens detained under § 1225(b)(2)(A) are not constitutionally entitled to individualized hearings on dangerousness or flight risk, and that continued or renewed detention does not violate due process so long as removal remains a viable prospect. The court left open whether detention may violate due process in other circumstances, such as when removal becomes only a remote possibility, removal proceedings are excessively delayed, the proceedings are used as a façade to detain for other reasons, there is a factual dispute over whether the noncitizen is an applicant for admission, or detention no longer serves its immigration purpose.

*Buenrostro-Mendez* governs any asserted statutory entitlement to bond, and *Sosnava Rodriguez* governs any asserted constitutional entitlement to an individualized hearing on dangerousness and flight risk. Both decisions bind this Court.

Accordingly, IT IS ORDERED that, within 21 days after service of this Order, Zuniga shall file a supplemental memorandum, not exceeding seven (7) pages, addressing the effect, if any, of *Buenrostro-Mendez* and *Sosnava Rodriguez* on each of his claims and explaining why any claim remains viable. The memorandum shall

also identify any statute or regulation that Zuniga contends the Government violated in revoking his prior release and explain whether that claim remains available if his detention is governed by § 1225(b)(2)(A). Zuniga shall separately identify any claim he maintains solely to preserve it for further review.

SIGNED on Friday, November 20, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE